1  LINDA MILLER SAVITT, SBN 94164
   lsavitt@brgslaw.com
2  ERIC C. SCHWETTMANN, SBN 188784
   eschwettmann@brgslaw.com
3  BALLARD ROSENBERG GOLPER & SAVITT, LLP
   500 North Brand Boulevard, Twentieth Floor
4  Glendale, California 91203-9946
   Telephone:   (818) 508-3700
5  Facsimile:   (818) 506-4827

6  Attorneys for Plaintiff
   GOLDLINE, LLC

7

8               **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 GOLDLINE, LLC,                          Case No. 2:14-cv-03680 DDP (ASx)

12            Plaintiff,                    **[~~PROPOSED~~] JOINT STIPULATED**
                                            **PROTECTIVE ORDER**
13      vs.

14 REGAL ASSETS LLC, MARK C.
   TURNER, KELLY FELIX, VINCENT
15 CURTO, ROBERT LAMBIN, DONNY
   GAMBLE, CHARLES HOWLAND,
16 TOM ARVAN and DOES 1 through
   100, inclusive,
17
              Defendants.
18

19

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

455208.1 455208.1

                              1

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1A. **GOOD CAUSE STATEMENT**

This Action is likely to involve trade secrets, customer lists, customer information, financial information, and other valuable commercial, financial and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information (such as revenues, profits and margins), information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties such as addresses, phone numbers, social security numbers, and financial information), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Disclosure of

1 such confidential business or financial information would harm the disclosing party
2 because this information would have economic value to the disclosing party's
3 competitors by revealing business methods, processes and financial information.
4 The public disclosure of private third-party information would also harm those
5 third-parties' privacy rights.  Accordingly, to expedite the flow of information, to
6 facilitate the prompt resolution of disputes over confidentiality of discovery
7 materials, to adequately protect information the parties are entitled to keep
8 confidential, to ensure that the parties are permitted reasonable necessary uses of
9 such material in preparation for and in the conduct of trial, to address their handling
10 at the end of the litigation, and serve the ends of justice, a protective order for such
11 information is justified in this matter.  It is the intent of the parties that information
12 will not be designated as confidential for tactical reasons and that nothing be so
13 designated without a good faith belief that it has been maintained in a confidential,
14 non-public manner, and there is good cause why it should not be part of the public
15 record of this case.

16 2.    **DEFINITIONS**

17    2.1    Challenging Party: a Party or Non-Party that challenges the designation
18 of information or items under this Order.

19    2.2    "CONFIDENTIAL" Information or Items: information (regardless of
20 how it is generated, stored or maintained) or tangible things that qualify for
21 protection under Federal Rule of Civil Procedure 26(c).

22    2.3    Counsel (without qualifier): Outside Counsel of Record and House
23 Counsel (as well as their support staff).

24    2.4    Action: the above-titled action.

25    2.5    Designating Party: a Party or Non-Party that designates information or
26 items that it produces in disclosures or in responses to discovery as
27 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
28 ONLY".

455208.1
3
ORDER ON JOINT STIPULATED PROTECTIVE ORDER

1    2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless
2  of the medium or manner in which it is generated, stored, or maintained (including,
3  among other things, testimony, transcripts, and tangible things), that are produced or
4  generated in disclosures or responses to discovery in this matter.

5    2.7    <u>Expert and/or Consultant</u>: A person with specialized knowledge or
6  experience in a matter pertinent to the litigation, along with his or her employees
7  and support personnel, who has been retained by a Party or its Counsel to serve as
8  an expert witness or as a consultant in this action, and who is not a past or current
9  employee of a Party and who, at the time of retention, is not anticipated to become
10  an employee of a Party. This definition includes a professional jury or trial
11  consultant retained in connection with this litigation.

12    2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
13  <u>Information or Items</u>: extremely sensitive "Confidential Information or Items,"
14  disclosure of which to another Party or Non-Party would create a substantial risk of
15  serious harm that could not be avoided by less restrictive means.

16    2.9    <u>House Counsel</u>: attorneys who are employees of a party to this Action.
17  House Counsel does not include Outside Counsel of Record or any other outside
18  counsel.

19    2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or
20  other legal entity not named as a Party to this Action.

21    2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party
22  to this Action but are retained to represent or advise a party to this Action and have
23  appeared in this Action on behalf of that party or are affiliated with a law firm which
24  has appeared on behalf of that party, including the support staff employed by any
25  such law firm.

26    2.12    <u>Party</u>: any party to this Action, including all of its officers, directors,
27  employees, consultants, retained experts, and Outside Counsel of Record (and their
28  support staffs).

1    2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

2    Discovery Material in this Action.

3    2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support

4    services (e.g., photocopying, videotaping, translating, preparing exhibits or

5    demonstrations, and organizing, storing, or retrieving data in any form or medium)

6    and their employees and subcontractors.

7    2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is

8    designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –

9    ATTORNEYS' EYES ONLY.

10   2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

11   from a Producing Party.

12   3.    **<u>SCOPE</u>**

13   The protections conferred by this Stipulation and Order cover not only

14   Protected Material (as defined above), but also (1) any information copied or

15   extracted from Protected Material; (2) all copies, excerpts, summaries, or

16   compilations of Protected Material; and (3) any testimony, conversations, or

17   presentations by Parties or their Counsel that might reveal Protected Material.

18   However, the protections conferred by this Stipulation and Order do not cover the

19   following information: (a) any information that is in the public domain at the time of

20   disclosure to a Receiving Party or becomes part of the public domain after its

21   disclosure to a Receiving Party as a result of publication not involving a violation of

22   this Order, including becoming part of the public record through trial or otherwise;

23   and (b) any information known to the Receiving Party prior to the disclosure or

24   obtained by the Receiving Party after the disclosure from a source who obtained the

25   information lawfully and under no obligation of confidentiality to the Designating

26   Party.

27   Any use of Protected Material at trial shall be governed by the orders of the

28   trial judge.  This Order does not govern the use of Protected Material at trial.

1  4.     **DURATION**

2       Even after final disposition of this litigation, the confidentiality obligations

3  imposed by this Order shall remain in effect until a Designating Party agrees

4  otherwise in writing or a court order otherwise directs. Final disposition shall be

5  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

6  or without prejudice; and (2) final judgment herein after the completion and

7  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

8  including the time limits for filing any motions or applications for extension of time

9  pursuant to applicable law.

10  5.     **DESIGNATING PROTECTED MATERIAL**

11       5.1     Exercise of Restraint and Care in Designating Material for Protection.

12  Each Party or Non-Party that designates information or items for protection under

13  this Order must take care to limit any such designation to specific material that

14  qualifies under the appropriate standards. To the extent it is practical to do so, the

15  Designating Party must designate for protection only those parts of material,

16  documents, items, or oral or written communications that qualify – so that other

17  portions of the material, documents, items, or communications for which protection

18  is not warranted are not swept unjustifiably within the ambit of this Order.

19       Mass, indiscriminate, or routinized designations are prohibited.  Designations

20  that are shown to be clearly unjustified or that have been made for an improper

21  purpose (e.g., to unnecessarily encumber or retard the case development process or

22  to impose unnecessary expenses and burdens on other parties) expose the

23  Designating Party to sanctions.

24       If it comes to a Designating Party's attention that information or items that it

25  designated for protection do not qualify for protection at all or do not qualify for the

26  level of protection initially asserted, that Designating Party must promptly notify all

27  other parties that it is withdrawing the mistaken designation.

28

1      5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in
2  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
3  stipulated or ordered, Disclosure or Discovery

4      Material that qualifies for protection under this Order must be clearly so
5  designated before the material is disclosed or produced.

6      Designation in conformity with this Order requires:

7      (a) <u>for information in documentary form</u> (e.g., paper or electronic
8  documents, but excluding transcripts of depositions or other pretrial or trial
9  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or
10  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that
11  contains protected material. If only a portion or portions of the material on a page
12  qualifies for protection, the Producing Party also must clearly identify the protected
13  portion(s) (e.g., by making appropriate markings in the margins) and must specify,
14  for each portion, the level of protection being asserted.

15      A Party or Non-Party that makes original documents or materials available for
16  inspection need not designate them for protection until after the inspecting Party has
17  indicated which material it would like copied and produced.  During the inspection
18  and before the designation, all of the material made available for inspection shall be
19  deemed "HIGHLY CONFIDENTIAL." – ATTORNEYS' EYES ONLY."  After the
20  inspecting Party has identified the documents it wants copied and produced, the
21  Producing Party must determine which documents, or portions thereof, qualify for
22  protection under this Order. Then, before producing the specified documents, the
23  Producing Party must affix the appropriate legend" ("CONFIDENTIAL" or
24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that
25  contains Protected Material.  If only a portion or portions of the material on a page
26  qualifies for protection, the Producing Party also must clearly identify the protected
27  portion(s) (e.g., by making appropriate markings in the margins) and must specify,
28  for each portion, the level of protection being asserted.

1     (b) for testimony given in deposition or in other pretrial or trial

2   proceedings, that the Designating Party identify on the record, before the close of

3   the deposition, hearing, or other proceeding, all protected testimony and specify the

4   level of protection being asserted.  When it is impractical to identify separately each

5   portion of testimony that is entitled to protection and it appears that substantial

6   portions of the testimony may qualify for protection, the Designating Party may

7   invoke on the record (before the deposition, hearing, or other proceeding is

8   concluded) a right to have up to 21 days to identify the specific portions of the

9   testimony as to which protection is sought and to specify the level of protection

10   being asserted.    Only those portions of the testimony that are appropriately

11   designated for protection within the 21 days shall be covered by the provisions of

12   this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at

13   the deposition or up to 21 days afterwards if that period is properly invoked, that the

14   entire   transcript   shall   be   treated   as   "CONFIDENTIAL."   or   "HIGHLY

15   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16     Parties  shall  give  the  other  parties  notice  if  they  reasonably  expect  a

17   deposition, hearing or other proceeding to include Protected Material so that the

18   other parties can ensure that only authorized individuals who have signed the

19   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

20   proceedings.  The use of a document as an exhibit at a deposition shall not in any

21   way affect its designation as "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL

22   – ATTORNEYS' EYES ONLY."

23     Transcripts containing Protected Material shall have an obvious legend on the

24   title page that the transcript contains Protected Material, and the title page shall be

25   followed by a list of all pages (including line numbers as appropriate) that have been

26   designated as Protected Material and the level of protection being asserted by the

27   Designating Party.  The Designating Party shall inform the court reporter of these

28   requirements.   Any transcript that is prepared before the expiration of a 21-day

period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

1  Protected Material must be stored and maintained by a Receiving Party at a

2  location and in a secure manner that ensures that access is limited to the persons

3  authorized under this Order.

4  7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

5  otherwise ordered by the court or permitted in writing by the Designating Party, a

6  Receiving  Party  may  disclose  any  information  or  item  designated

7  "CONFIDENTIAL" only to:

8  (a) the Receiving Party's Outside Counsel of Record in this Action, as

9  well as employees of said Outside Counsel of Record to whom it is reasonably

10  necessary to disclose the information for this litigation;

11  (b) the officers, directors, and employees (including House Counsel) of

12  a  Party to this Action to whom disclosure is reasonably necessary for this litigation

13  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

14  A);

15  (c) Experts (as defined in this Order) of a Party to this Action to whom

16  disclosure  is  reasonably  necessary  for  this  litigation  and  who  have  signed  the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18  (d) the court and its personnel;

19  (e) court reporters and their staff;

20  (f) professional jury or trial consultants, mock jurors, and Professional

21  Vendors to whom disclosure is reasonably necessary for this litigation and who have

22  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23  (f) during their depositions, witnesses in the Action to whom disclosure is

24  reasonably necessary and who have signed the "Acknowledgment and Agreement to

25  Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

26  by the court. Pages of transcribed deposition testimony or exhibits to depositions

27  that reveal Protected Material must be separately bound by the court reporter and

28

1  may not be disclosed to anyone except as permitted under this Stipulated Protective
2  Order.

3  (g) the author or recipient of a document containing the information or
4  a custodian or other person who otherwise possessed or knew the information.

5  7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'
6  EYES ONLY" Information or Items.  Unless otherwise ordered by the court or
7  permitted in writing by the Designating Party, a Receiving Party may disclose any
8  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
9  EYES ONLY" only to:

10  (a) the Receiving Party's Outside Counsel of Record in this Action, as
11  well as employees of said Outside Counsel of Record to whom it is reasonably
12  necessary to disclose the information for this litigation;

13  (b) Experts of the Receiving Party (1) to whom disclosure is reasonably
14  necessary for this litigation, and (2) who have signed the "Acknowledgment and
15  Agreement to Be Bound" (Exhibit A);

16  (c) the court and its personnel;

17  (d) court reporters and their staff, professional jury or trial consultants,
18  and Professional Vendors to whom disclosure is reasonably necessary for this
19  litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
20  (Exhibit A); and

21  (e) the author or recipient of a document containing the information or
22  a custodian or other person who otherwise possessed or knew the information

23  8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED**
24  **PRODUCED IN OTHER LITIGATION**

25  If a Party is served with a subpoena or a court order issued in other litigation
26  that compels disclosure of any information or items designated in this Action as
27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
28  ONLY" that Party must:

1        (a) promptly notify in writing the Designating Party.  Such notification

2  shall include a copy of the subpoena or court order;

3        (b) promptly notify in writing the party who caused the subpoena or

4  order to issue in the other litigation that some or all of the material covered by the

5  subpoena or order is subject to this Protective Order. Such notification shall include

6  a copy of this Stipulated Protective Order; and

7        (c) cooperate with respect to all reasonable procedures sought to be

8  pursued by the Designating Party whose Protected Material may be affected.[1]

9        If the Designating Party timely seeks a protective order, the Party served with

10  the subpoena or court order shall not produce any information designated in this

11  Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

12  EYES ONLY" before a determination by the court from which the subpoena or

13  order issued, unless the Party has obtained the Designating Party's permission. The

14  Designating Party shall bear the burden and expense of seeking protection in that

15  court of its confidential material and nothing in these provisions should be construed

16  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

17  directive from another court.

18  9.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

19        **PRODUCED IN THIS LITIGATION**

20        (a)  The terms of this Order are applicable to information produced

21  by a Non-Party in this Action and designated as "CONFIDENTIAL." or "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by

23  Non-Parties in connection with this litigation is protected by the remedies and relief

24  _____

25  [1]  The purpose of imposing these duties is to alert the interested parties to the

26  existence of this Protective Order and to afford the Designating Party in this case an

27  opportunity to try to protect its confidentiality interests in the court from which the

subpoena or order issued.

28

1  provided by this Order.   Nothing in these provisions should be construed as

2  prohibiting a Non-Party from seeking additional protections.

3  (b)   In the event that a Party is required, by a valid discovery request, to

4  produce a Non-Party's confidential information in its possession, and the Party is

5  subject to an agreement with the Non-Party not to produce the Non-Party's

6  confidential information, then the Party shall:

7  1.   promptly notify in writing the Requesting Party and the

8  Non-Party that some or all of the information requested is subject to a

9  confidentiality agreement with a Non-Party;

10  2.   promptly provide the Non-Party with a copy of the

11  Stipulated Protective Order in this litigation, the relevant discovery request(s), and a

12  reasonably specific description of the information requested; and

13  3.   make the information requested available for inspection by

14  the Non-Party.

15  (c)   If the Non-Party fails to object or seek a protective order from this

16  court within 14 days of receiving the notice and accompanying information, the

17  Receiving Party may produce the Non-Party's confidential information responsive

18  to the discovery request.   If the Non-Party timely seeks a protective order, the

19  Receiving Party shall not produce any information in its possession or control that is

20  subject to the confidentiality agreement with the Non-Party before a determination

21  by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the

22  burden and expense of seeking protection in this court of its Protected Material.

23

24

25

26  [2] The purpose of this provision is to alert the interested parties to the existence of

27  confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to
   protect its confidentiality interests in this court

28

10.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   **MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

1  Stipulated Protective Order. Similarly, no Party waives any right to object on any

2  ground to use in evidence of any of the material covered by this Protective Order.

3       12.3  <u>Filing Protected Material</u>. Without written permission from the

4  Designating Party or a court order secured after appropriate notice to all interested

5  persons, a Party may not file in the public record in this Action any Protected

6  Material. A Party that seeks to file under seal any Protected Material must comply

7  with Civil Local Rule 79-5. Protected Material may only be filed under seal

8  pursuant to a court order authorizing the sealing of the specific Protected Material at

9  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

10  request establishing that the Protected Material at issue is privileged, protectable as

11  a trade secret, or otherwise entitled to protection under the law. If a Receiving

12  Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-

13  5(e) is denied by the court, then the Receiving Party may file the Protected Material

14  in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise

15  instructed by the court.

16  13.  **FINAL DISPOSITION**

17       Within 60 days after the final disposition of this Action, as defined in

18  paragraph 4, each Receiving Party must return all Protected Material to the

19  Producing Party or destroy such material. As used in this subdivision, "all Protected

20  Material" includes all copies, abstracts, compilations, summaries, and any other

21  format reproducing or capturing any of the Protected Material. Whether the

22  Protected Material is returned or destroyed, the Receiving Party must submit a

23  written certification to the Producing Party (and, if not the same person or entity, to

24  the Designating Party) by the 60-day deadline that (1) identifies (by category, where

25  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

26  that the Receiving Party has not retained any copies, abstracts, compilations,

27  summaries or any other format reproducing or capturing any of the Protected

28  Material. Notwithstanding this provision, Counsel are entitled to retain an archival

1  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

2  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

3  work product, and consultant and expert work product, even if such materials

4  contain Protected Material. Any such archival copies that contain or constitute

5  Protected Material remain subject to this Protective Order as set forth in Section 4

6  (DURATION).

7         **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

8

9  DATED:  March 17, 2015          WINSTON & STRAWN LLP

10

11                                       */s/ Erin R. Ranahan*

12                                       Saul S. Rostamian
Erin R. Ranahan

13                                       Diana L. Hughes

14                                       Attorneys for Defendants
REGAL ASSETS, LLC, KELLY

15                                       FELIX, VINCENT CURTO &
DONNY GAMBLE

16  DATED:  March 17, 2015          BALLARD ROSENBERG GOLPER

17                                       & SAVITT LLP

18

19                                       */s/ Eric C. Schwettmann*

20                                       Eric C. Schwettmann
Linda C. Miller Savitt

21                                       NELSON MULLINS RILEY &
SCARBOROUGH LLP

22

23                                       */s/ Timothy M. McKissock*

24                                       Timothy M. McKissock

25                                       Attorneys for Plaintiff
GOLDLINE, LLC

26

27

28

1

**ATTESTATION REGARDING SIGNATURES**

2          I, Eric C. Schwettmann, attest that all signatories listed, and on whose behalf

3     the filing is submitted, concur in the filing's content and have authorized the filing.

4

5     DATED:  March 17, 2015                     _/s/ Eric C. Schwettmann_____

6                                                        Eric C. Schwettmann

7

8                              **ORDER ON STIPULATION**

9

10          **PURSUANT TO THE JOINT STIPULATION OF THE PARTIES, IT IS**

11    **SO ORDERED.**

12

13

14    DATED:  _March 19, 2015_____

15

16                                    _____/ s /_____

17                                    The Honorable Alka Sagar
                                      United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

455208.1

ORDER ON JOINT STIPULATED PROTECTIVE ORDER

EXHIBIT A

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Goldline, LLC v. Regal Assets, LLC et al.*, 2:14-CV-03680-DDP.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

455208.1 455208.1

1

ORDER ON JOINT STIPULATED PROTECTIVE ORDER