1

2

3                                                                    O

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11   GOLDLINE, LLC,                    )   Case No. CV 14-03680 DDP (ASx)
                                       )
12                   Plaintiff,        )
                                       )   **ORDER GRANTING MOTION TO DISMISS**
13        v.                           )   **IN PART AND DENYING IN PART**
                                       )
14   REGAL ASSETS, LLC; MARK C.        )
     TURNER; KELLY FELIX; VINCENT      )
15   CURTO; ROBERT LAMBIN; DONNY       )
     GAMBLE; CHARLES HOWLAND; TOM      )
16   ARVAN,                            )
                                       )   [Dkt. 15]
17                   Defendants.       )
                                       )
18   _____  )

19   **I.   Introduction**

20        Goldline, LLC ("Plaintiff") filed a complaint against Regal

21   Assets, LLC ("Regal"), seven named individuals,[1] and doe defendants

22   whose identities have not yet been determined (inclusively,

23   "Affiliate Defendants"). Plaintiff's First Amended Complaint

24   ("FAC") alleges claims against Regal and Affiliate Defendants

25   (collectively, "Defendants") for (1)Trademark Infringement (15

26   U.S.C. §1125(a)); (2) False Designation of Origin and Unfair

27   _____

28        [1] The seven named individuals are Mark Turner, Kelly Felix,
     Vincent Curto, Robert Lambin, Donny Gamble, Charles Howland, and
     Tom Arvan.

Competition (15 U.S.C. §1125(a)); (3) False Advertising (Lanham Act §43(a)(1)(B)); (4) False Advertising in Violation of Cal. Bus. & Prof. Code § 17500; (5) Unfair Competition in Violation of Cal. Bus. & Prof. Code §17200; (6) Common Law Trademark Infringement; (7) Statutory Dilution under Cal. Bus. & Prof. Code §14247;(8) Common Law Unfair Competition;(9) RICO (18 U.S.C. §1962(c)); (10) RICO (18 U.S.C. 1962(a)); (11) Common Law Trade Libel/Commercial Disparagement; and  (12) Civil Conspiracy.

Plaintiff alleges that it is the owner of the GOLDLINE and other related registered trademarks.[2] Plaintiff's claims arise out of Regal's promotion of products and services through its "affiliates program." According to the FAC, the program induces Affiliate Defendants to infringe Plaintiff's trademarks; fraudulently disparage Plaintiff and its products and services; and deceptively endorse Regal's products and services.

On July 3, 2014, Regal filed the present Motion to Dismiss Plaintiff's FAC. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Regal challenges all claims set forth in the complaint. For the following reasons, the court grants the motion in part, denies in part, and adopts the following Order.

**II.  Factual Background**

The following facts are alleged in the FAC.

Plaintiff is an interstate dealer of precious metals and numismatic products in the United States. Since 1974, Plaintiff has operated its business under the GOLDLINE and related marks (collectively, "GOLDLINE Marks"). From 1976 through 2011, Plaintiff

---

[2] The related marks include GOLDLINE COIN AUCTIONS, GOLDLINE INTERNATIONAL and Design, GOLDLINE AUCTIONS, and IGOLDLINE.

obtained trademark registrations for these marks. Plaintiff uses the GOLDLINE Marks extensively and prominently in websites, television, print advertising, YouTube video commercials, and word of mouth.

Regal is also an interstate dealer of precious metals and numismatic products, who offers and sells competing products and services. In addition to its website, Regal promotes its products and services through its "affiliates program." Through this program, Regal pays commissions to third parties, including Affiliate Defendants, to operate websites that bear no apparent connection to Regal. According to Plaintiff, Defendants purchase advertising keywords that include the GOLDLINE Marks so their websites will appear when search terms intended for Plaintiff are entered in the search engine. Many of the search results are not identified as ads. The purpose of the affiliates' websites is to divert customers away from Plaintiff and other competitors, toward Regal. To that end, Regal prepares for its affiliates' use, scripts and website materials that purportedly offer objective, independent evaluations and facts related to precious metal dealers. These materials allegedly infringe on the GOLDLINE Marks. The materials also allegedly offer endorsements for Regal; false information and statements about the independent and unbiased views of the reviewer; and false and disparaging information about Plaintiff, including customer complaints, pending litigation, and poor consumer and industry ratings.

On April 29, Plaintiff sent a cease and desist letter to Regal. Regal has refused to remove or correct the websites, or require the Affiliate Defendants to do so.

3

1   Plaintiff alleges that, as a result of Defendants' conduct,
2   Plaintiff has suffered, and continues to suffer, damage to its
3   business, reputation, and goodwill. Plaintiff also alleges loss of
4   sales and profits due to Defendants' wrongful acts. By way of its
5   complaint, Plaintiff seeks declaratory judgment; injunctive relief;
6   compensatory and punitive damages; interest; and attorneys fees and
7   costs.

8   **III. Legal Standard**

9   A party may move to dismiss for failure to state a claim upon
10  which relief can be granted under Federal Rule of Civil Procedure
11  ("Rule") 12(b)(6). In deciding a Rule 12(b)(6) motion, the court
12  must assume allegations in the challenged complaint are true, and
13  construe the complaint in the light most favorable to the non-
14  moving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38
15  (9th Cir. 1996). The court shall not consider facts outside the
16  complaint. <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d
17  912, 925 (9th Cir. 2001). Dismissal is appropriate where the
18  complaint lacks a cognizable legal theory or sufficient facts to
19  support a cognizable legal theory. <u>Mendiondo v. Centinela Hosp.</u>
20  <u>Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008). "While a complaint
21  attacked by a Rule 12(b)(6) motion to dismiss does not need
22  detailed factual allegations, . . . a plaintiff's obligation to
23  provide the 'grounds' of his 'entitlement to relief' requires more
24  than labels and conclusions, and a formulaic recitation of the
25  elements of a cause of action will not do." <u>Bell Atl. Corp. v.</u>
26  <u>Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Papasan v. Allain</u>, 478
27  U.S. 265, 286 (1986)). Moreover, the court need not accept as true
28  conclusory legal allegations cast in the form of factual

1  allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.

2  1981).

3  **IV.  Discussion**

4      **A.  Plaintiff Fails to State Claims For Trademark**

5          **Infringement and False Designation of Origin  (Claims 1,**

6          **2, and 6)**

7      The FAC alleges that Regal owns valid registrations in the

8  GOLDLINE Marks (FAC, ¶ 22), and that Plaintiff has not authorized

9  Defendants' use of those marks (FAC, ¶44). In the body of the

10 complaint, Plaintiff alleges, "Defendants purchased advertising

11 keywords which include the GOLDLINE Marks, with the intent that

12 their websites will be presented by Google when consumers enter

13 search terms intended for [Plaintiff] and which include the

14 GOLDLINE Marks . . .. Many of the search results are not identified

15 as ads, thus compounding the confusion and deception of consumers."

16 (FAC, ¶32.) In support, Plaintiff attaches Exhibit B to the

17 complaint, which is a series of screen shots depicting a Google

18 search results page, and various web pages a user can access from

19 performing a search using the GOLDLINE Marks. (FAC, Exhibit B.) The

20 content of these websites is comprised of opinions, reviews, and

21 recommendations about both investing in gold generally, as well as

22 Plaintiff's products and services, specifically. Id. Consistent

23 with allegations detailed in Section II, above, the websites are

24 disparaging of Plaintiff's products and services. Id.

25     The Lanham Act, as well as its common law equivalent, prohibit

26 a person from using in commerce any trademark or false designation

27 of origin that is likely to cause confusion as to the affiliation

28 or origin of that person's product or service. 15 U.S.C. § 1125(a).

1    Upon review of allegations contained in the FAC, along with
2    the attached exhibits, the Court finds that Plaintiff has not
3    adequately stated a claim for trademark infringement or false
4    designation of origin. While the allegations and attached exhibits
5    indicate that Defendants use Plaintiff's marks, there is simply
6    nothing stated, that if deemed true, constitute commercial use that
7    would likely cause confusion as to the origin or affiliation of
8    Regal's products or services. In fact, the allegations either state
9    directly, or create a strong inference, that the purpose of
10   Defendants' use of the marks is to disparage Plaintiff and endorse
11   Regal. Taken as true, such conduct would seemingly distinguish
12   Regal's products from Plaintiff's, as opposed to causing customers
13   confusion as to the origins of the two products.
14       Deeming the facts alleged as true, the Court finds that
15   Plaintiff has not adequately stated claims for trademark
16   infringement and false designation of origin.
17   **B.    Plaintiff Adequately Alleges Claims for False Advertising**
18         **and Unfair Competition (Claims 3,4,5, and 8)**
19       Plaintiff asserts claims against Defendants for false
20   advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a),
21   and California Business & Professions Code §17500. Plaintiff also
22   asserts claims against Defendants for Unfair Competition under both
23   California Business and Professions Code § 17200 and common law.
24   Regal challenges these claims on the ground that the claims are
25   insufficiently pled, both in substance and specificity.
26       As detailed in Section II, above, the FAC alleges (1)
27   Plaintiff's and Regal's products and services are sold in
28   interstate commerce; (2) by way of Regal's affiliates program,

1  Defendants engaged in specific false, deceptive, and misleading
2  advertising regarding both Plaintiff's and Regal's products and
3  services; (3) the false statements were intended to deceive and
4  confuse the public, and disparage Plaintiff; (4) as a result,
5  consumers were diverted away from Plaintiff; and (5) Plaintiff
6  suffered injury as a result of Defendants' conduct. (FAC, ¶¶ 28-57;
7  76-106; 124-131.)

8      Even assuming that the heightened pleading standards apply to
9  these claims, the court finds that Plaintiff's allegations satisfy
10  the requisite elements of both false advertising and unfair
11  competition under the relevant federal and state statutes, and
12  common law.[3]

13     **C.   <u>Plaintiff Fails to State a Claim for Statutory Dilution</u>**
14          **<u>(Claim 7)</u>**

15     California Business & Professions Code §14247 protects owners
16  of trademarks from a likelihood of dilution caused by another who
17  adopts an identical or similar mark. <u>See</u> Cal. Bus. & Prof. Code
18  §14247(a). To prevail on a §14247 claim, a plaintiff must establish
19  (1) it is the owner of a famous mark that is distinctive; (2) the
20  defendant commenced use of a mark after the mark became famous; (3)
21  the defendant is making commercial use of the mark in commerce; and
22  (4) the defendant's use is likely to cause dilution of the
23  distinctive value of plaintiff's mark. <u>Id.</u> With regard to the last
24  element, dilution occurs when a defendant's use of a famous mark
25
26
27      [3] The Ninth Circuit has not yet opined on the appropriate
28  standard.  <u>See</u> <u>Western Sugar Co-op v. Archer-Daniels-Midland Co.</u>,
    No. CV 11-3473 CBM, 2012 WL 3101659 *3 (C.D. Cal. Jul. 31, 2012).

1  diminishes the capacity of the famous mark to identify and
2  distinguish goods or services.

3       In addition to the allegations detailed in Section II above,
4  Plaintiff alleges that for 40 years, it has been using the GOLDLINE
5  Marks to promote its goods and services through multiple outlets
6  and has spent many millions of dollars in doing so. (FAC, ¶ 116.)
7  As a result of Plaintiff's efforts, the GOLDLINE Marks have
8  acquired distinctiveness and strong recognition and reputation
9  among the general public, thus making the marks famous. (FAC, ¶
10 117.)

11      The FAC clearly alleges that the GOLDLINE Marks are famous,
12 and that Defendants use the marks for purposes of disparaging
13 Plaintiff's goods and services, endorsing Regal's goods and
14 services, and directing potential sales to Regal. However, these
15 allegations do not satisfy the requisite elements for a dilution
16 claim. Specifically, Plaintiff fails to allege plausible facts
17 indicating that Defendants' use of those marks diminishes or blurs
18 the distinctiveness of GOLDLINE Marks, for the reasons discussed in
19 Section IV(A), above.  Without such allegations, Plaintiff's claim
20 fails.  To the extent the FAC alleges that Defendants' use of the
21 marks has diluted the distinctive nature of the GOLDLINE Marks by
22 lessening the ability of the marks to identify and distinguish
23 Plaintiff as the sole source of its products and services, and
24 lessening the extensive and valuable goodwill associated with the
25 marks (FAC ¶¶ 119, 120.), these statements constitute only
26 conclusory allegations that merely recite a requisite element of
27 the claim. Under the principles of <u>Twombly</u> and <u>Iqbal</u>, the court
28

1 ignores such allegations for purposes of its Rule 12(b)(6)

2 analysis.

    **D.**    <u>**Plaintiff Adequately States Claims Under RICO (Claims 9**</u>

    <u>**and 10)**</u>

5     To plead a claim under RICO, a plaintiff must allege (1)

6 conduct (2) of an enterprise (3) through a pattern (4) of

7 racketeering activity (5) which injured his business or property.

8 <u>Sedima, S.P.R.L. v. Imrex, Co.</u>, 473 U.S. 479, 496-97 (1985). If

9 fraudulent acts are the basis of the alleged pattern of

10 racketeering activity, Rule 9(b) requires the plaintiff to allege

11 its claims with particularity.  <u>Schreiber Distrib. Co. v. Serv-Well</u>

12 <u>Furniture, Co.</u>, 806 F.2d 1393, 1400-01 (9th Cir. 1986).

13     In its complaint, Plaintiff alleges the following: (1)

14 Defendants are comprised of Regal and its many "affiliates"; (2)

15 during at least 2013 and 2014, Defendants have operated a scheme

16 whereby Regal pays commission to Affiliate Defendants to operate

17 websites over the internet; (3) the affiliates use scripts provided

18 by Regal that falsely advertise and fraudulently represent

19 Plaintiff's goods and services; (4) the purpose of this scheme is

20 to divert customers away from Plaintiff, toward Regal; (5)

21 Defendants use a portion of the proceeds derived from this

22 operation to perpetuate the operation; and (6) as a result of

23 Defendants' activities, Plaintiff has suffered loss of sales and

24 goodwill. (FAC, ¶¶ 132-160.)

25     The court finds these allegations satisfy the pleading

26 requirements for RICO claims under 18 U.S.C. 1962(a) and (c).

    **E.**    <u>**Plaintiff Adequately States a Claim for Common Law Trade**</u>

    <u>**Libel and Commercial Disparagement (Claim 11)**</u>

"Trade libel is the publication of matter disparaging the quality of another's property, which the publisher should recognize is likely to cause pecuniary loss to the owner." <u>ComputerXpress, Inc. v. Jackson</u>, 93 Cal. App. 4th 993, 1010 (2001). This claim includes "all false statements concerning the quality of services or product of a business." <u>Id.</u> (internal quotation and citation omitted). A cause of action for trade libel must allege "(1) a publication, (2) which induces others not to deal with plaintiff, and (3) special damages." <u>New Show Studios LLC v. Needle</u>, No. 2:14-cv-01250-CAS, 2014 WL 2988271 at *13, (C.D. Cal. Jun. 30, 2014). Furthermore, the claim requires the intentional publication of a false and unprivileged statement of fact. <u>Mann v. Quality Old Tim Serv., Inc.</u>, 120 Cal. App. 4th 90, 104 (2004). Commercial disparagement or defamation specifically involves injury to the reputation of a business rather than disparagement of quality of goods or services. <u>See Mann v. Quality Old Time Serv., Inc.</u>, 139 Cal. App. 4th 328, 340 (2006).

The FAC alleges that Defendants intentionally published false statements related to consumer ratings, customer complaints, pending litigation, and industry ratings. (FAC, ¶¶ 27-31, 162-163.) These statements disparaged the quality, integrity and security of products and services provided by Plaintiff. (FAC, ¶ 163.) Defendants made these statements knowing that the publication would be harmful to Plaintiff's business, and cause diversion of its sales and harm to its interests. (FAC, ¶ 162.) These allegations satisfy the requisite elements of the claim.

Regal's challenge to this claim rests on the arguments that none of its statements were false, and the alleged statements do

10

not disparage Plaintiff's products and services. These arguments
are unavailing. First, the allegations of the FAC, which the court
deems true, expressly aver that Defendants statements are false.
Second, it is axiomatic that customer complaints and poor ratings
directly related to a business's products and services negatively
impact the perceived quality of those products and services.

Based on the allegations contained in the complaint, the court
finds that Plaintiff has sufficiently pled this claim.

**F.   Plaintiff Adequately States a Claim for Civil Conspiracy (Claim 12)**

Regal argues that, under California law, conspiracy cannot
form an independent claim for relief. Regal further argues that
because the alleged conspiracy involves misrepresentations and
fraud, Plaintiff must plead the elements of a fraud claim, which it
has not. The court disagrees.

The California Supreme Court has stated that civil conspiracy
must be activated by the commission of a actual tort, and it does
not per se give rise to a cause of action. <u>Applied Equipment Corp.
v. Litton Saudi Arabia, Ltd.</u>, 7 Cal. 4th 503, 511 (1994).  That is
not to say, however, that conspiracy cannot give rise to a claim
for relief under California law.  "There is no separate tort of
civil conspiracy and no action for conspiracy to commit a tort
<u>unless</u> the underlying tort is committed and damage results
therefrom."  <u>Prakashpalan v. Engstrom, Lipscomb and Lack</u>, 223 Cal.
App. 4th 1105, 1136 (2014) (emphasis added).  Thus, so long as a
plaintiff pleads an activating tort, the formation and operation of
a conspiracy, and damages to plaintiff resulting from an act done

11

1  in furtherance of the common design, a claim for civil conspiracy

2  may survive.  Applied Equipment, 7 Cal.4th at 311.

3       Based on Plaintiff's allegations, particularly those stated in

4  Section IV.D, above, the court finds that Plaintiff has adequately

5  pled an underlying tort, along with the requisite elements for

6  civil conspiracy.

7  **V.   Conclusion**

8       For the reasons stated above, the court GRANTS the Motion to

9  Dismiss, in part.  Specifically, the court DISMISSES with leave to

10  amend Claims 1, 2, 6, and 7 of the FAC. The court denies Regal's

11  motion as to all other claims.[4] If Plaintiff chooses to file a

12  second amended complaint, it must do so within fourteen days of the

13  date of this Order.

14
   IT IS SO ORDERED.
15

16

17

18  Dated: April 21, 2015
                                DEAN D. PREGERSON
19                              United States District Judge

20

21

22

23

24

25

26  _____

27       [4] The court notes that the instant motion was filed by Regal's
   former counsel and taken under submission before transfer to the
28  undersigned.  The motion is denied with respect to the RICO and
   conspiracy claims without prejudice.